IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCITA WOODY, as Natural Parent
and Next Friend of ARMANDO LEE, a minor,
and BERTHA BENALLY, as Natural Parent
and Next Friend of MELVINA BENALLY, a minor,

      Plaintiffs,

                                      Civil No. 13-970 MV/ACT

      v.

SAN JUAN COUNTY, AZTEC MUNICIPAL SCHOOL DISTRICT,
KINTEEL RESIDENTIAL CAMPUS, INC., a New Mexico
Corporation, VERONICA KIE, in her individual and official
Capacity, UNKNOWN EMPLOYEES of Kinteel Residential Campus, Inc.
designated as Jane Does I through V and John Does I through V,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiffs' Motion for Temporary Restraining

Order and Preliminary Injunction and Memorandum in Support Thereof [Doc. 3], and Defendant

Kinteel's and Defendant Kie's Motion to Dismiss [Doc. 19].   The Court, having considered the

motions, briefs, relevant law and being otherwise fully informed, finds that Defendants' motion

is well-taken and will be granted; as a result the Court will not reach the merits of Plaintiffs'

motion. **BACKGROUND**

The instant civil rights action was commenced on October 7, 2013, by Plaintiff Marcita

Woody, on behalf of her son, Armando Lee, and by Plaintiff Bertha Benally, on behalf of her

daughter, Melvina Benally.   Mr. Lee and Ms. Benally, students at Aztec High School, were

residing at a dormitory run by Kinteel Residential Campus, Inc. ("Kinteel), which provides

housing for Native American students so that they may attend State public school.   The

1

Complaint alleges that Kinteel employees conducted unconstitutional and invasive searches on Mr. Lee and Ms. Benally at the dormitory.

The Complaint names as Defendants Kinteel and Veronica Kie, an employee of Kinteel allegedly responsible for directing and conducting the searches of Mr. Lee and Mr. Benally (the "Kinteel Defendants"), in addition to the Aztec Municipal School District and San Juan County. Since filing the Complaint, Plaintiffs have voluntarily dismissed their claims against San Juan County, Doc. 32.   Plaintiffs have also represented that they intend to dismiss their claims against Aztec Municipal Schools as well.   Doc. 27 at 2 n.1.

The Complaint asserts one federal claim, brought under 42 U.S.C. Section 1983, alleging Fourth Amendment violations (Count I), in addition to two state law claims, brought under the Court's supplemental jurisdiction, for violation of the New Mexico Constitution (Count II) and false imprisonment (Count III).   *Id.*   Plaintiffs have now voluntarily dismissed their claim under the New Mexico Constitution (Count II).   Doc. 30.

On October 8, 2013, Plaintiffs filed a motion for temporary restraining order, asking the Court to order that Kinteel reassign to a different facility the individual employees responsible for conducting the allegedly unlawful searches.   Doc. 3.   The Kinteel Defendants filed a response in opposition on October 25, 2013, Doc. 15, and Plaintiffs' reply followed on November 1, 2013. Doc. 21.   Meanwhile, on October 29, 2013, the Kinteel Defendants filed a motion to dismiss, arguing, *inter alia*, that the Court lacks subject matter jurisdiction over this action.   Doc. 19. Plaintiffs filed a response in opposition on November 15, 2012, and the Kinteel Defendants' reply followed on November 22, 2013.   Doc. 28.

**DISCUSSION**

*Legal Standard*

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).   Plaintiffs bear the burden of establishing that this Court has jurisdiction over their claims.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Importantly, "[t]he existence of subject matter jurisdiction is a threshold inquiry that must precede any merits-based determination."  *United States v. Lay*, No. 13-6056, 2013 WL 3929040, *2 (10th Cir. July 31, 2013).   If this Court lacks jurisdiction, it has "no authority to rule on the merits of Plaintiffs' claims."   Accordingly, the Court first must address whether it has subject matter jurisdiction over this action before addressing the substantive issues presented in Plaintiffs' motion for a temporary restraining order.

Under Rule 12(b)(1), a party may assert by motion the defense of the court's "lack of subject-matter jurisdiction."   Fed. R. Civ. P. 12(b)(1).   Motions to dismiss for lack of subject matter jurisdiction "take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which the subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  On a facial attack, the Court considers the complaint's allegations to be true.  *Id.*   On the other hand, when the motion challenges the factual basis for an action, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Campos v. Las Cruces Nursing Ctr.*, No. CIV 11-0096, 2011 WL 5238921, *4 (D.N.M. Sept. 30, 2011) (citation omitted).

3

*Instant Case*

Plaintiffs' Complaint contains one federal cause of action, a claim brought under Section 1983, alleging a violation of Mr. Lee's and Ms. Benally's Fourth Amendment rights.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights or privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.   The Tenth Circuit has made clear that the element that the defendants acted under color of state law is "a jurisdictional requisite for a § 1983 action."   *Lay*, 2012 WL 3929040, at *2 (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).

In support of their Section 1983 claim, Plaintiffs allege that "Defendants were acting as state actors under color of law."   Doc. 1 ¶ 46.   In turn, in support of that allegation, the Complaint states that the Kinteel Defendants "operate under the authority and in a symbiotic relationship with the Aztec Municipal School District and San Juan County."   *Id.* ¶ 10.   In response to the Kinteel Defendants' motion to dismiss, however, Plaintiffs concede that the Kinteel Defendants were not acting under the authority of the Aztec Municipal School District or San Juan County.   Plaintiffs thus have abandoned their claim that the Kinteel Defendants were acting under color of *state* law at the time of the events giving rise to the complaint.

Nonetheless, Plaintiffs contend that this action should not be dismissed for lack of jurisdiction, because they "are proceeding against Kinteel and its employees based upon authority granted to the Defendants by the federal government."   Doc. 27 at 2.   Specifically, Plaintiffs argue that Kinteel, a tribal organization funded by a federal grant from the U.S. Department of Interior, Bureau of Indian Education, and its employees are "agents of the federal government,"

4

and, as such, are subject to liability under Section 1983.   *Id.* at 5.   The law is clear, however, that Section 1983 is applicable only to actions by state and local entities, not by the federal government.   *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).   The law is equally clear that "[a] § 1983 action is unavailable for persons alleging deprivation of constitutional rights under color of tribal law."   *Burrell v. Armijo*, 456 F.3d 1159, 1174 (2006).   Accordingly, regardless of whether Kinteel operates under federal law, tribal law, or both, it is not subject to liability under Section 1983.

Because Plaintiffs have not, and cannot, allege facts showing that the Kinteel Defendants acted under color of state law, a jurisdictional requisite for a Section 1983 claim is missing here. As a result, Plaintiffs' Section 1983 does not support this Court's exercise of federal jurisdiction over the instant action.   Because there is no other basis for federal jurisdiction alleged in the Complaint, this action must be dismissed for lack of jurisdiction.

Finally, Plaintiffs appear to argue that dismissal is not warranted, because the Kinteel Defendants would be subject to liability under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   In *Bivens*, an individual may assert a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.   *Dry*, 235 F.3d at 1255.   Plaintiffs, however, have not pled a *Bivens* claim.   Accordingly, this Court need not reach the issue of whether Plaintiffs would be able to properly plead a *Bivens* claim against the Kinteel Defendants.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:   Defendant  Kinteel's and Defendant Kie's

Motion to Dismiss [Doc. 19] is granted; and Plaintiffs' Motion for Temporary Restraining

Order and Preliminary Injunction and Memorandum in Support Thereof [Doc. 3] is moot.


DATED this 13th day of December, 2013.


_____

MARTHA VAZQUEZ
United States District Judge